**Frederick HAESLER, Jr.; Sandreena; Wanda Brewster; Teresa Talese; Janet Thomas, for themselves and all others similarly situated, Appellants**

v.

**NOVARTIS CONSUMER HEALTH, INC.; Cibaself–Medication Ft. Washington Hourly Employees Pension Plan a/k/a Novartis Corporation Fort Washington Hourly Employees' Pension Plan.**

No. 06–4275.

United States Court of Appeals, Third Circuit.

Argued Feb. 8, 2008.

Filed: Feb. 22, 2008.

Kent Cprek, Esquire (Argued), Jennings Sigmond, Esquire, Philadelphia, PA, for Appellants.

Christopher G. FitzPatrick, Esquire, Paul L. Kattas, Esquire, Kelley, Drye & Warren, Parsippany, NJ, Charles B. Wolf, Esquire (Argued), Philip L. Mowery, Esquire, Alixon J. Maki, Esquire, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Appellees.

Before: MCKEE, AMBRO and ALDISERT, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Participants in the Novartis Corporation Fort Washington Hourly Employees' Pension Plan, which is sponsored by Novartis Consumer Health, Inc., appeal from the District Court's dismissal of their complaint for failure to state a claim for which relief can be granted. Our review of the dismissal is plenary. *See Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 298 (3d Cir.2005).

The Participants allege a plethora of violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. In a succinct yet thorough opinion, *see Haesler v. Novartis Consumer Health, Inc.*, No. 05–372(JAG), 2006 WL 2689830 (D.N.J. Sept.18, 2006) (incorporating in part its reasoning in *Haesler v. Novartis Consumer Health, Inc.*, 426 F.Supp.2d 227 (D.N.J.2006)), the District Court, per Judge Greenaway, explained why the Participants have failed to state a claim for which relief can be granted. Having reviewed the parties' submissions and heard oral argument, we essentially agree with Judge Greenaway's reasoning. We accordingly affirm.